Catron, C. J.
delivered the opinion of the court.
On the undertaking of Grundy and Rucks, as set out in the' record, the scire facias must be sustained if at all, .and without examining into the form of the acknowledgment, the direct question on its validity will be. inquired into. Had the Smith circuit court any authority to order the suit of Cains and Wife to be dismissed on the affidavit, that the clerk had taken securities, which after years of litigation, was deemed insufficient?
By the seventeenth section of the bill of rights, the *438 plaintiffs were entitled for the nuury done them m their 1 J J ■ goods, to a remedy by due course oi law. What was the due course of law by which Cains and Wife were to prosecute their action of detinue against Marly? Of course, the requisites prescribed by the common or statute law, were binding on the plaintiffs, not any arbitrary rule of administering justice, framed and enforced by the courts. By the common law, no security to prosecute a suit with effect, or in case of failure to pay costs was required, and the courts had no power to oppress plaintiffs with the harsh condition, of being turned out of court, because of their poverty: or was security for costs required to let a plaintiff into court, until the act of 1787, ch. 19, was passed, which declares, “that no writ shall be granted by the clerk without his taking sufficient security of the person applying, conditioned that they should prosecute such suit, and in case of failure, pay to the defendant all such costs and damages as may be awarded against the plaintiffs; that the clerk shall enter the substance of the writ and bond in a book kept for that purpose,”- &c. This statute is in violation of the common law, and not subject to extension by the courts. Cains and Wife had complied with its requisitions, their cause was lawfully in court, and to turn them out, on the motion of their opponent, grounded on his affidavit, would grossly have violated the common law, and must find support, if to be found, in the construction of the act of 1787, there having been no other on the subject until 1829. The clerk is to judge of the sufficiency of the securities, and is responsible if he violate the statute; the cause being regularly in court, jurisdiction attaches, and the statute confers no power over the court to dismiss it, and oust the jurisdiction; the assumption of such a power in 1825, was arbitrary and sanctioned by no law. The requiring security for costs a. second, or third time, is wholly beyond the words and meaning of the act, and its tendency oppressive on that portion of society most needing the aid and *439 protection of the courts of justice. These remarks are barely called for, after .the decisions of this court, in Jones vs. Keares, (Mart. & Yerg. Rep. 242,) when the subject tvas considered with great care, and the power of the courts to require bond and security a second time, declared not to exist. But the act of 1829, ch. 33, declares, “That plaintiffs in courts of law and chancery, may -be ruled to justify their security, or give other good and sufficient security, for the prosecution of suits,” recognizing the non-existence- of such a power theretofore. This .pretended recognizance having been taken in 1825, when the circuit court of Smith had no authority to coerce such an act from' Cains and Wife, forms no proper part of this record, or can any judgment be grounded upon it in this proceeding by scire facias.
Defendants discharged.